IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| GENE ANDRE FENDERSON, | ) |
| Plaintiff, | ) |
| v. | ) 2:23-cv-00170 |
| CHRISTOPHER LEMPKE, et al., | ) |
| Defendants. | ) |

## MEMORANDUM ORDER

The Plaintiff has submitted for filing on the docket a civil complaint, also seeking leave to proceed without the prepayment of fees and costs. Leave to do so is **GRANTED**, and this action shall be docketed as a civil action.

Because that filing status is granted, the Court is obligated to examine the filing pursuant to the provisions of 28 U.S.C. § 1915(e). And, as in every civil case, the Court is obligated to consider whether it has subject matter jurisdiction over the action. Federal courts generally have subject matter jurisdiction over two types of cases: diversity cases and federal question cases. *Exxon Mobil Corp. v. Allapattah Servs. Inc.*, 454 U.S. 546, 552 (2005). Based on a review of the Complaint in this case, the Court concludes that it has neither, so Plaintiff's Complaint must be **DISMISSED WITHOUT PREJUDICE**.

Plaintiff sues Christopher Lempke, an employee of Citizens Bank, and Citizens Bank. In order for a federal court to exercise diversity jurisdiction over an action, complete diversity of citizenship is required. 28 U.S.C. § 1332(a). Based on what Plaintiff has stated in his filing, it appears that he and Mr. Lempke are both citizens of Pennsylvania. (ECF No. 1-1, at 1.) Even though there is a reference to an amount in controversy over five million dollars (ECF No. 1-1, at

2), because complete diversity is lacking, the Court cannot exercise diversity jurisdiction over this case.[1]

Nor can the Court exercise federal question jurisdiction. The Complaint states that this court has jurisdiction pursuant to 15 U.S.C. § 1116, a portion of the United States Code dealing with injunctive relief relating to trademarks. However, nothing in the complaint suggests that Plaintiff holds a trademark, nor do any of the allegations in the complaint amount to an allegation that any Defendant has violated a trademark—Plaintiff's or anyone else's. The Complaint cites no other statute or constitutional provision to support the Court's exercise of federal question jurisdiction, and the facts that appear on the face of the Complaint do not suggest the existence of any such statute or constitutional provision. So the Court concludes that it lacks federal question jurisdiction to hear the case.

Because the Court lacks subject matter jurisdiction over Plaintiff's Complaint, DISMISSED WITHOUT PREJUDICE and the Clerk shall close the case.

s/ Mark R. Hornak<br>
Mark R. Hornak<br>
Chief United States District Judge

Dated:   February 6, 2023
cc:   Mr. Gene Andre Fenderson, by U.S. Mail

---

[1] Because the Complaint unequivocally indicates the Mr. Lempke resides in Pennsylvania, and therefore complete diversity is absent, the Court does not address the more complicated question of the domicile of Citizen's Bank.