IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| GENE ANDRE FENDERSON, | ) |
| Plaintiff, | ) |
| v. | ) 2:23-cv-00170 |
| CHRISTOPHER LEMPKE, et al., | ) |
| Defendants. | ) |

**MEMORANDUM ORDER**

On February 2, 2023, Plaintiff filed *pro se* a motion for leave to proceed *in forma pauperis* (ECF No. 1), which the Court granted (ECF No. 3) and an accompanying Complaint alleging that Defendant Lempke stated that he would mail a cashier's check to the IRS for over $175,00 and did not, causing the IRS to initiate a "jeopardy levy" against Plaintiff (*see* ECF Nos. 1, 5). The Complaint further alleges that "the bank"—presumably Citizen's Bank, one of the Defendants in this case—"has a bank hold on" Plaintiff's account for over five million dollars. (ECF No. 5, at 1–2.) By Memorandum Order dated February 6, 2023, this Court dismissed Plaintiff's Complaint for lack of federal subject matter jurisdiction (ECF No. 3) and notice was mailed to Plaintiff the next day. (ECF No. 4.)

On February 15, 2023, Plaintiff filed thirteen pages of exhibits in support of his Complaint. The Court construes this filing as a Motion for Reconsideration of the Court's Order dismissing Plaintiff's Complaint. "The purpose of a motion for reconsideration is to correct manifest errors of law or fact or to present newly discovered evidence." *Hernandez v. United States*, 608 F. App'x 105, 109 (3d Cir. 2015) (citing *Harsco Corp. v. Zlotnicki*, 779 F.2d 906, 909 (3d Cir. 1985)). Accordingly, a court can alter or amend a judgment if the party seeking reconsideration "shows at

1

least one of the following grounds: (1) an intervening change in the controlling law; (2) the availability of new evidence that was not available when the court granted the motion . . . ; or (3) the need to correct a clear error of law or fact or to prevent manifest injustice." *In re Energy Future Holdings Corp.*, 904 F.3d 298, 311 (3d Cir. 2018); *see also Max's Seafood Café ex rel. Lou-Ann, Inc. v. Quinteros*, 176 F.3d 669, 677 (3d Cir. 1999).

The Court dismissed plaintiff's Complaint because it could not identify any grounds for exercising federal subject matter jurisdiction. (*See* ECF No. 3.) Plaintiff's filings provide no basis—via assertions of a change in the controlling law, new evidence, or an alleged error of law or fact—to reexamine that conclusion. Plaintiff does not provide evidence suggesting that complete diversity of citizenship exists, *see* 28 U.S.C. § 1332(a), nor does his most recent filing identify any federal regulatory provision, statute[1], or constitutional provision that is implicated by the facts of this case.

Accordingly, the Court **DENIES** Plaintiff's Motion for Reconsideration (ECF No. 7). The case shall remain closed.

s/ Mark R. Hornak
Mark R. Hornak
Chief United States District Judge

Dated: February 16, 2023

---

[1] As discussed in the Court's Order dismissing Plaintiff's Complaint, the Complaint cites 15 U.S.C. § 1116—a portion of the United States Code dealing with injunctive relief relating to trademarks—to support federal jurisdiction. (*See* ECF No. 3, at 2; ECF No 5.) However, nothing in the Complaint suggests that Plaintiff holds a trademark, nor do any of the allegations in the complaint amount to an allegation that any Defendant has violated a trademark—Plaintiff's or anyone else's.